IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JATIA TAVARUS BARRETT, | : CIVIL ACTION NO. 1:24-CV-1780 |
| Plaintiff | : |
| v. | : (Judge Neary) |
| WARDEN BETH RICKARD *et al.*, | : |
| Defendants | : |

**<u>MEMORANDUM</u>**

This is a prisoner civil rights case filed pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA").[1]  Plaintiff, Jatia Tavarus Barrett, asserts that two John Doe bus driver defendants violated his rights by causing a traffic accident when he was being transported to a prison and that other defendants violated his rights by failing to provide him medical care after the accident.  We will dismiss Barrett's <u>Bivens</u> claims, dismiss defendant Rickard, substitute the United States of America as the defendant with respect to Barrett's FTCA claims, grant Barrett leave to file an amended complaint, and defer service of process pending the possible filing of the amended complaint.  We will additionally grant Barrett's motion for leave to proceed *in forma pauperis* and his motion to dismiss Rickard from the case and

---

[1] Although plaintiff does not specifically invoke the FTCA in his complaint, we liberally construe his statement that he is bringing a "tort claim," (see Doc. 1 at 7) as a statement that he is suing pursuant to the FTCA.

deny as moot his motion for discovery to aid service of the complaint on the John Doe bus drivers.

I. **Factual Background & Procedural History**

Barrett, who is an inmate in Schuylkill Federal Correctional Institution ("FCI-Schuylkill"), filed this case on October 17, 2024. His claims arise from a traffic accident that occurred when he was being transported from Harrisburg International Airport to FCI-Schuylkill. According to the complaint, Barrett was on a bus traveling north on Interstate 83 on February 20, 2024, when the bus was struck by another bus, bounced into a tractor trailer, and then struck the other bus again. (Doc. 1 at 5). Barrett and other inmates on the bus were allegedly thrown from their seats in the accident, causing physical injuries. (Id.)

When Barrett arrived at FCI-Schuylkill, medical staff purportedly did not provide him any pain medication and refused to give him an x-ray for weeks after the accident, despite his complaints of neck and back pains. (Id.) The complaint alleges that Barrett suffered whiplash and back injuries during the accident but never received any treatment. (Id.) Barrett names as defendants Beth Rickard, the superintendent of FCI-Schuylkill; Swaboski, a "medical tech" in the prison; Gibbs, a physician's assistant in the prison; and the two John Doe bus drivers. (Id. at 2). Barrett seeks damages. (Id. at 5).

On November 25, 2024, Barrett filed a motion to voluntarily dismiss Rickard as a defendant and a motion for leave to conduct discovery to learn the names of the two bus drivers so that they can be served with process. (Docs. 6-7). The motion to

2

voluntarily dismiss Rickard will be granted. The motion for leave to conduct discovery is ripe for review and is discussed below.

**II.    Legal Standard**

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2);[2] 28 U.S.C. § 1915A.[3] The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim

---

[2] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
  **(A)** the allegation of poverty is untrue; or
  **(B)** the action or appeal—
    **(i)** is frivolous or malicious;
    **(ii)** fails to state a claim on which relief may be granted; or
    **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[3] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
  **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
  **(2)** seeks monetary relief from a defendant who is immune from such relief.

3

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In screening claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Coward v. City of Philadelphia, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); Smith v. Delaware, 236 F. Supp.3d 882, 886 (D. Del. 2017). This standard requires the court to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim

4

for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### III. Discussion

#### A. Bivens Claims

We begin our analysis with Barrett's Bivens claims. At the outset, we will dismiss Barrett's Bivens claim arising from the denial of medical care for failure to allege personal involvement. For a plaintiff to assert a Bivens claim, he must allege that the defendant was personally involved in the alleged civil rights violation. Iqbal, 556 U.S. at 675-76. This personal involvement cannot be based solely on a theory of *respondeat superior*. Id. at 676. Instead, the plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. Here, the complaint makes general statements about Barrett being denied medical care, but he does not make any specific allegations as to how defendants Swaboski and Gibbs were personally involved in

5

the denial of medical care.[4]  (See Doc. 1 at 5).  The Bivens claim arising from the denial of medical care will accordingly be dismissed without prejudice for failure to allege personal involvement.

Turning to the Bivens claim arising from the bus accident, in Bivens, the Supreme Court recognized an implied damages remedy for a Fourth Amendment violation committed by federal officials, whose conduct was not encompassed by the statutory remedy available against state actors under 42 U.S.C. § 1983.  Bivens, 403 U.S. at 397.  In over 50 years since Bivens was decided in 1971, the Supreme Court has extended Bivens only twice: first, to a claim for sex discrimination under the Fifth Amendment's Due Process Clause, see Davis v. Passman, 442 U.S. 228, 248-49 (1979), and later to a claim for inadequate prison medical care under the Cruel and Unusual Punishment Clause of the Eighth Amendment, see Carlson v. Green, 446 U.S. 14, 18-23 (1980).

Prior to the Supreme Court's decision in Ziglar v. Abbasi, 582 U.S. 120 (2017), Bivens claims were commonly recognized in many contexts.  Ziglar and its progeny, however, severely limit the class of cases in which Bivens may proceed.

Ziglar sets forth a two-part test for determining whether a Bivens claim may proceed.  First, courts must ascertain whether the case presents a "new context."  Id. at 138.  If the case differs "in a meaningful way" from previous Bivens cases

---

[4] We analyze the medical care claim solely with respect to Swaboski and Gibbs because the bus drivers are not alleged to have participated in the denial of medical care and, as noted above, the court has granted Barrett's motion to dismiss defendant Rickard from this case.

decided by the Supreme Court, "then the context is new." Id. at 139. And the meaning of "new context" is "broad." Hernandez v. Mesa, 589 U.S. 93, 102 (2020). Second, if the case presents a new context, the court must then consider whether "special factors" counsel against extending the Bivens remedy. Id. This inquiry asks whether "the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." Egbert v. Boule, 596 U.S. 482, 492 (2022) (quoting Ziglar, 582 U.S. at 136). If a court concludes that "even a single reason" exists to pause "before applying Bivens in a new context," then special factors counseling hesitation exist and a Bivens remedy does not lie. Id. (internal quotation marks omitted) (quoting Hernandez, 589 U.S. at 102).

The Court's decision in Egbert reemphasizes that the continued refusal to "imply a similar cause of action for other alleged constitutional violations" is intentional and that recognizing a new Bivens cause of action is "a disfavored judicial activity." Egbert, 596 U.S. at 491 (quoting Ziglar, 582 U.S. at 135). Egbert clarifies that the two-step process laid out in Ziglar "often resolve[s] to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." Id. at 483. In other words: if there is "*any* rational reason (even one) to think that *Congress* is better suited" to determine the propriety of a cause of action, then a Bivens action cannot proceed. Id. at 496. The court must broadly inquire whether "there is any reason to think that 'judicial intrusion' into a given field might be 'harmful' or 'inappropriate'"—and if the answer is "yes," or even *potentially* yes, the plaintiff cannot recover under Bivens. Id. (quoting United States v. Stanley, 483 U.S. 669, 681 (1987)).

Although Ziglar, Hernandez, and Egbert only list Bivens, Davis, and Carlson as cases where the Supreme Court has recognized a Bivens claim, until recently the United States Court of Appeals for the Third Circuit recognized that plaintiffs could also file Bivens claims alleging that prison officials were deliberately indifferent to the risk that they would be assaulted by other inmates. See Shorter v. United States, 12 F.4th 366, 372-73 (3d Cir. 2021), *abrogated by* Egbert, 596 U.S. at 492, *as recognized in* Fisher v. Hollingsworth, 115 F.4th 197, 204-08 (3d Cir. 2024); Bistrian v. Levi, 912 F.3d 79 (3d Cir. 2018), *abrogated by* Egbert, 596 U.S. at 492, *as recognized in* Fisher, 115 F.4th at 204-08.

In Fisher v. Hollingsworth, however, the Third Circuit held that Egbert abrogated the contrary holdings in Bistrian and Shorter recognizing a Bivens claim for failure to protect a plaintiff from inmate-on-inmate violence. Fisher, 115 F.4th at 206. "Egbert," the Fisher court explains, "tightened the Ziglar test and, in doing so, made a strong statement that lower courts should not extend Bivens beyond the contexts recognized in Bivens, Davis, and Carlson." Id. at 204. Egbert's "new articulation" of the new context step of the Ziglar test "unequivocally narrows the universe of relevant cases to just three," i.e., Bivens, Davis, and Carlson. Id. Under Fisher, "unless a case is indistinguishable from Bivens, Davis, or Carlson, a damages remedy may be created by Congress, but not by the courts." Id. at 205. With the standards enumerated by Ziglar, Hernandez, Egbert, and Fisher in mind, we begin our analysis of whether the Bivens claim in the instant case can proceed.

### 1. New Context

To determine whether a <u>Bivens</u> claim presents a new context, a court must determine whether it "is different in a meaningful way from previous <u>Bivens</u> cases decided" by the Supreme Court—in other words, <u>Bivens</u>, <u>Davis</u>, and <u>Carlson</u>. <u>Ziglar</u>, 582 U.S. at 139.

We find that Barrett's <u>Bivens</u> claim arising from the traffic accident presents a new context for <u>Bivens</u> liability. This claim bears almost no factual similarity to the Fourth Amendment claim at issue in <u>Bivens</u>, the sex discrimination claim at issue in <u>Davis</u>, or the medical care claim at issue in <u>Carlson</u>.

### 2. Special Factors

Having concluded that Barrett's claim arising from the traffic accident presents a new context for <u>Bivens</u> liability, we must determine whether "there are any special factors that counsel hesitation" in extending <u>Bivens</u>. <u>Hernandez</u>, 589 U.S. at 102 (cleaned up) (quoting <u>Ziglar</u>, 582 U.S. at 136). If a court "ha[s] reason to pause before applying <u>Bivens</u> in a new context or to a new class of defendants," then special factors counseling hesitation exist. <u>Id.</u>

The court's special factors analysis is controlled by <u>Fisher</u>, which holds that the BOP's administrative remedy program is a special factor barring extension of <u>Bivens</u>. <u>Fisher</u>, 115 F.4th at 208. We accordingly conclude that the administrative remedy program bars this court from extending <u>Bivens</u> to the new context presented by Barrett's claim. The <u>Bivens</u> claim arising from the traffic accident will be dismissed with prejudice.

### B.     FTCA Claim

The FTCA allows plaintiffs to bring certain state law tort claims against the United States. <u>Brownback v. King</u>, 592 U.S. 209, 210 (2021). For a court to have jurisdiction over an FTCA complaint, the complaint must assert a claim "[1] against the United States, [2] for money damages, [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." <u>CNA v. United States</u>, 535 F.3d 132, 141 (3d Cir. 2008). An FTCA claim must be based on a tort claim that is cognizable under state law. <u>Id.</u>

Having reviewed Barrett's complaint, we find that it can proceed on FTCA claims for negligence arising from both the traffic accident and the alleged denial of medical care following the accident. However, because the United States is the only proper defendant to an FTCA claim, <u>see id.</u> at 138 n.2, we will substitute the United States as the defendant with respect to the FTCA claims. See <u>Hui v. Castaneda</u>, 559 U.S. 799, 801 (2010) ("When federal employees are sued for damages for harms caused in the course of their employment, the Federal Tort Claims Act . . . generally authorizes substitution of the United States as the defendant."). The court's decision to allow the FTCA claims to proceed against the United States is without prejudice to the United States' right to move to dismiss the complaint.

### C.     Leave to Amend

Before dismissing a civil rights complaint for failure to state a claim, courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. We will dismiss the Bivens claim arising from the traffic accident with prejudice because that claim fails as a matter of law. We cannot say at this stage, however, that amendment of the Bivens claim alleging denial of medical care would be inequitable or futile. Accordingly, we will permit leave to amend that claim.

### D.     Discovery and Service Issues

Having concluded that Barrett's Bivens claim arising from the traffic accident will be dismissed with prejudice and that the United States, rather than the individual actors, is the appropriate defendant with respect to Barrett's FTCA claims, the court will deny as moot Barrett's motion for leave to conduct discovery to learn the identities of the two John Doe bus drivers. These defendants will be terminated from this case because no claims against them can proceed as a matter of law.

The court will additionally defer service of process on the United States pending the possible filing of an amended complaint. As noted above, the court will grant plaintiff leave to file an amended complaint to cure the pleading defects identified with respect to the Bivens claim arising from allegedly inadequate medical care claim. Because the filing of an amended complaint may moot the currently operative complaint, the court will defer any service of process until

plaintiff has either filed an amended complaint or declined to file an amended complaint by the deadline provided for doing so.

## IV. Conclusion

We will dismiss Barrett's Bivens claim arising from the traffic accident with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, dismiss the other Bivens claim without prejudice, grant plaintiff's motion to dismiss defendant Rickard from the case, substitute the United States as the defendant with respect to Barrett's FTCA claims, grant Barrett leave to file an amended complaint, and defer service on the United States pending the possible filing of an amended complaint. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   February 21, 2025