IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JATIA TAVARUS BARRETT,** | : | CIVIL ACTION NO. 1:24-CV-1780 |
| Plaintiff | : | (Judge Neary) |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Defendant | : | |

### MEMORANDUM

This is a civil case under the Federal Tort Claims Act ("FTCA"). The government has moved to dismiss the case and/or for summary judgment based on plaintiff's failure to exhaust administrative remedies. The motion will be granted, and this case will be dismissed without prejudice for lack of subject matter jurisdiction.

**I.      Factual Background & Procedural History**

Plaintiff, Jatia Tavarus Barrett, was formerly incarcerated by the United States Bureau of Prisons ("BOP"). He filed this case on October 17, 2024, advancing claims under both <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) and the FTCA arising from a motor vehicle accident involving a bus that was transporting him between prisons. (Doc. 1). The case was initially assigned to United States District Judge Christopher C. Conner, but was reassigned to the undersigned on January 21, 2025, following Judge Conner's retirement from the court.

On February 21, 2025, the court dismissed Barrett's <u>Bivens</u> claims and allowed the case to proceed solely as to his FTCA claim against the United States. (Docs. 13-14). The government filed the instant motion to dismiss and/or for summary judgment on July 18, 2025, arguing that the court lacks subject matter jurisdiction over the case because Barrett failed to exhaust administrative remedies prior to filing the case. (Doc. 20). The government filed a supporting brief and statement of material facts in connection with the motion on August 15, 2025. (Docs. 24-25). Barrett has not responded to the motion or the statement, and the deadline for doing so has expired under the Local Rules. The motion is accordingly ripe for disposition.

## II.     <u>Legal Standard</u>[1]

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if the moving party shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A factual dispute is material if resolution of it "might affect the outcome of the suit under the governing law" and genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Mall Chevrolet, Inc. v. General Motors LLC</u>, 99 F.4th 622, 631 (3d Cir. 2024) (quoting

---

[1] The court will review the motion under the summary judgment standard. The court does not need to provide notice to plaintiff of its intention to do so because defendant's filing of the motion as a motion to dismiss and/or a motion for summary judgment provides adequate notice that the motion could be ruled on through summary judgment. <u>Hilfirty v. Shipman</u>, 91 F.3d 573, 578-79 (3d Cir. 1996), *abrogated in nonrelevant party by* <u>Merkle v. Upper Dublin Sch. Dist.</u>, 211 F.3d 782, 791 (3d Cir. 2000).

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). When considering a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. Tolan v. Cotton, 572 U.S. 650, 657 (2014) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970)). The court's duty is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 242-43.

There are "two closely related methods for a movant to succeed at summary judgment." Mall Chevrolet, 99 F.4th at 630. "First, under the standard approach, the moving party may produce material facts, established as genuinely undisputed, that entitle it to judgment as a matter of law." Id. (citing FED. R. CIV. P. 56(a)). "Second, under the Celotex approach, a moving party may instead demonstrate that the nonmoving party has not made 'a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial.'" Id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

The nonmoving party can defeat a motion for summary judgment by producing evidence to establish a genuine issue of material fact. Anderson, 477 U.S. at 256. The nonmoving party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The party "must do more than simply show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be

3

evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. Moreover, if the nonmovant's version of disputed facts is "blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

### III. Material Facts

Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. Pa. L.R. 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. Id. In this case, the government filed a statement of material facts as required by Local Rule 56.1, but Barrett did not respond. The factual assertions in the government's statement will accordingly be deemed admitted for purposes of resolving the motion in accordance with Rule 56.1. See M.D. PA. 56.1. The court will cite directly to the government's statement of material facts to support the below recitation of the relevant facts.

On May 13, 2024, Barrett filed a request for administrative remedy with the BOP requesting monetary compensation. (Doc. 24 ¶ 5). The BOP rejected the request and informed Barrett that it needed to be filed as a request for monetary relief in accordance with FTCA procedures. (Id. ¶ 6). Barrett then submitted a claim

4

to the BOP pursuant to the FTCA on June 12, 2024. (Id. ¶ 7). The BOP acknowledged receipt of the request on July 9, 2024, and informed him that pursuant to the FTCA it had six months to reach an administrative decision on the claim. (Id.) Barrett filed his complaint in this court on October 17, 2024. (Doc. 1). The BOP subsequently denied his claim for monetary relief on December 11, 2024. (Doc. 24 ¶ 13). The denial informed Barrett that he could file suit in federal court within six months. (Id. ¶ 14).

## IV. Discussion

The FTCA provides that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). Exhaustion of administrative remedies under this statutory provision is "jurisdictional and cannot be waived." Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003). Additionally, exhaustion must be completed before the case is filed in federal court: a premature complaint filed before the agency has ruled on the plaintiff's administrative complaint must be dismissed for lack of subject matter jurisdiction. McNeil v. United States, 508 U.S. 106, 111-13 (1993).

In this case, Barrett filed an administrative complaint seeking relief from the BOP on July 9, 2024, and then filed his complaint in this court on October 17, 2024, approximately two months before the BOP ruled on his complaint on December 11,

5

2024. (Doc. 1; Doc. 24 ¶¶ 7, 14). This court accordingly must dismiss his complaint without prejudice for lack of subject matter jurisdiction because it was filed prematurely. McNeil, 508 U.S. at 111-13.

## V.      Conclusion

Defendant's motion for summary judgment is granted and this case is dismissed without prejudice for failure to exhaust administrative remedies.[2] An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:      December 19, 2025

---

[2] Although the court reviewed the defendant's motion under a summary judgment standard, the ultimate disposition of the case is dismissal without prejudice because this court lacks subject matter jurisdiction to rule on the merits of the case.